## PROSECUTIONS FOR SELLING LIQUOR IN DRY TERRITORY.

Common Pleas Court of Licking County.

STATE OF OHIO V. JOSEPH FRITZ, AND THREE OTHER CASES.

Decided, January Term, 1910.

*Venue—Rule as to Necessity for Proof of, in Criminal Cases Somewhat Relaxed—Criminal Responsibility of One in Charge of Place Where Intoxicating Liquor is Sold in Dry Territory.*

1. A trial judge will not set aside a verdict of guilty because of failure to establish venue, where the proof was to the effect that the offense charged was committed in the city in which the judge resides and has resided for many years, but failed to name the county and state.

2. In a prosecution for selling intoxicating liquor in "dry" territory, a verdict of guilty will not be set aside for lack of proof that the

defendant was the owner or lessee of the place where the liquor was sold, when the evidence established that he was in the custody, care, control and management of the place.

*Phil. B. Smythe*, Prosecuting Attorney, for plaintiffs.
*J. R. Fitzgibbon* and *S. L. James*, contra.

SEWARD, J. (orally).

This is a case brought under the local option law for a violation of its provisions. It was submitted to the court upon the testimony. The only testimony adduced in the case was that of John Jones. He testifies that he went into Joe Fritz's place and bought a pint of whiskey. He produces the whiskey in court. That is all the testimony that the court has to consider in the matter. He was cross-examined quite at length. Joe Fritz did not take the stand, and it is claimed that there is a lack or proof of venue in the case. Jones testifies that he was in the city on the 28th of December, 1909; that he went to Joe Fritz's place, which was on West Main street in this city; that he bought a pint of whiskey there, and he produces the whiskey. He does not say that it was in Licking county, or the state of Ohio.

The Supreme Court has recently made a reasonable decision on this question of venue in the Dickerson case, in the 77 Ohio State, which went up to the Supreme Court from Coshocton county. It is held that the state is not tied down to such rigid principles as formerly. I know that West Main street in this city is in Licking county, and I know also that it is in Ohio. I never thought it was necessary to prove it in exact terms. The Supreme Court has recently announced that principle. This Dickerson decision is in a case where Dickerson was tried for murder in Coshocton county. The only testimony as to the venue was in answer to a question when the coroner testified that he found the dead body in a certain township, and that the township was in Coshocton county. There was not a word said about Ohio; and there was no attempt to prove that Coshocton county is in Ohio; but nevertheless the Supreme Court held that that was a sufficient proof of the venue. And so it would be in this case. The Supreme Court say:

"In the prosecution of a criminal case, it is not essential that the venue of the crime be proven in express terms, provided it be established by all the facts and circumstances in the case, beyond a reasonable doubt, that the crime was committed in the county and state as alleged in the indictment."

Can any other reasonable inference be drawn by the court but that West Main street in this city is in Licking county and the state of Ohio? I can not see any reason for drawing any other inference, and I think that the venue is sufficiently proven.

It is claimed that one sale is not sufficient. I was cited by the defendant to the 24 Bulletin, page 176, where the court say:

"But two witnesses testified for the prosecution. The witness, Frank Pratt, testified in substance that he knew the location of a certain ice-house on a certain lot in Belle Center; that he saw the defendant several times sitting on a stool in the ice-house; that within the time mentioned in the complaint he purchased a half pint of whiskey from the defendant at said place, drank part of it there and carried part away with him; that he had no prescription for said whiskey, and that the defendant drew said whiskey from a whiskey barrel in said ice-house.   *   *   *

"A single sale otherwise than as permitted by section eight of the Dow law, is a violation of an ordinance passed by virtue of the authority conferred by Section 11 of said law.

"It is further contended that the defendant was not the 'keeper' of the place, because there was no evidence that he was the owner or lessee of such place. There is evidence, however, that he had the custody, care, control, and management of the place and business. From such evidence a presumption arises that he was the 'keeper' of the place. If he were acting as a *mere clerk,* that is a matter of defense for him to set up. No such claim was made upon the trial. I am unable to see any error in the proceedings before the mayor."

The court thinks that Fritz is guilty, and so finds.

As to the case of *Ohio* v. *William Schlegel,* the venue was proven not only that Newark was in Licking county, but that it was in the state of Ohio, and that William Schlegel's place was on West Main street in this city. John Jones says that he went there and bought whiskey. The court thinks that he did, and finds Schlegel guilty.

As to *The State of Ohio* v. *U. G. Gregg*, whose place is on West Main street, Jones went there on the same date and bought beer Gregg says that he did not keep anything but near beer, but Jones says that he knows the difference between near beer and beer. That what he got was intoxicating. That it was beer. And that he got it in Gregg's place.

Gregg takes the stand and testifies that he did not keep anything of that kind there, but Jones says that he got it there. Jones says that there were bar fixtures in there and bottles behind the counter and that it looked in every way like a saloon. He testifies as to that also in regard to all these places.

The court believes that Gregg was selling intoxicating liquors in violation of the local option law, and so finds.

And the same in regard to Lewis Bolton. The witness says that he bought whiskey in Bolton's place. He says that he went in there on the same date and bought whiskey. And when he was asked how he knew it was Lewis Bolton's place, he said he saw a name over the door and that someone told him that it was Lewis Bolton's place. He says it was Bolton and someone else. I don't remember who. Bolton and someone. That it was over the door and the court has no doubt but what he got whiskey in there.

The court finds all these defendants guilty as charged.